IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| WILLIE B. JEFFERSON, JR. | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:10cv366 |
| JOE D. DRIVER | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Willie B. Jefferson, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred the matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The magistrate judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the pleadings and the applicable law.

Petitioner is attempting to invoke the "savings clause" of 28 U.S.C. § 2255 to challenge his conviction in the United States District Court for the Southern District of Texas for conspiring to possess cocaine with the intent to distribute. Rather than challenge the conviction itself, petitioner asserts the sentence he received was too long because the trial court erred in calculating his criminal history.

The "savings clause" of Section 2255 provides that a petition for writ of habeas corpus challenging a federal criminal conviction may not be entertained unless a court concludes that filing a motion to vacate, set aside or correct sentence pursuant to Section 2255 is inadequate to challenge a prisoner's detention. A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 may be used to challenge a federal criminal conviction and the sentence imposed as a

result therefore only if the ground for review: (a) is based on a retroactively applicable Supreme Court decision which establishes the petitioner may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001). In this case, however, petitioner is not asserting he was convicted of a nonexistent offense. Instead, he asserts the punishment he received was incorrect because his criminal history was miscalculated. This type of claim relating to punishment is not sufficient to invoke the savings clause of Section 2255. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (claim of actual innocence of career offender enhancement not properly raised in Section 2241 petition because petitioner was not claiming actual innocence of crime, only of enhancement); *see also Hartfield v. Joslin*, 235 Fed. App'x 357, 358 (5th Cir. 2007) (claim of actual innocence of career offender enhancement is not sufficient to satisfy savings clause). As a result, petitioner's ground for review may not be asserted in a petition filed pursuant to Section 2241.

## ORDER

Accordingly, the objections are **OVERRULED**. The proposed findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

So **ORDERED** and **SIGNED** this **12** day of **November, 2010.**

_____
Ron Clark, United States District Judge